## Patton, County Tax Commissioner, et al. v. Jarvis, County Clerk, et al.

### (Decided October 17, 1919.)

### Appeal from Carter Circuit Court.

1. **Officers—Term of Office—Vacancies and Holding Over.**—Under the provisions of an act of the legislature, approved March 16, 1918, being chapter 11, Acts 1918 (page 31), the office of county assessor was abolished and there was substituted therefor the office of county tax commissioner, the assessors then in office becoming by the terms of the act county tax commissioners for the term of office which they were then filling. Held, that one

filling a vacancy in the office of assessor or by appointment when the act took effect is entitled to hold the office of county tax commissioner only during his appointive term, and that it should be filled at such regular election as is provided in section 152 of the Constitution.

2. Officers—Filling Vacancies.—The provisions of section 152 of the Constitution relative to filling vacancies in office apply to offices created by the legislature, as well as those created by the Constitution.

THEOBOLD & THEOBOLD for appellant.

WOLFORD & LITTLETON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The sole question presented by this appeal is whether there is a vacancy in the office of county tax commissioner for Carter county which should be filled at the regular November election in 1919. The appellant, R. G. Patton, who was plaintiff below, contends that there is no vacancy, and that he is the incumbent and entitled to hold the office until the first of January, 1922. The appellee, Jarvis, is the county court clerk of the county, and the appellee, Kibby, claiming to be the nominee of the Republican party for the office in question, presented his certificate of nomination to the county court clerk, who accepted it and was about to print the ballots for the regular election with Kibby's name in the Republican column as a candidate for county tax commissioner when plaintiff filed this suit against both of them to enjoin the clerk from printing the name of his co-defendant upon the ballot as a candidate for such office, and to prevent the latter from having the clerk print his name as such candidate. A demurrer was filed to the petition, and without waiving it an answer was filed denying plaintiff's allegations. Upon final submission the court dismissed the petition and declined to grant the injunction, and complaining of that judgment plaintiff prosecutes this appeal.

The undisputed facts are that plaintiff was elected assessor for Carter county at the regular election in 1917, but he declined to qualify or to assume the duties of the office, and on March 11, 1918, upon his motion the county judge appointed him assessor of the county for one year. Five days thereafter, on March 16, 1918, chapter 11 (page 31) of the Acts of 1918 became a law. That act abolished

the office of county assessor and created in its stead the office of county tax commissioner, conferring upon the latter official all of the powers and duties theretofore exercised by the assessor. It increased in some measure the duties of the office, enlarged the compensation and added some qualifications not theretofore required of the assessor. Section two of the act provided that: "The term of office of such county tax commissioners shall be equal to the term of office of the county assessors, and they shall be elected as assessors are now elected by law, subject to the qualifications provided for in this act, except that the county tax commissioners shall be eligible for re-election."

Further along in the section it is provided that if any person who was elected county assessor or county tax commissioner should fail to qualify, or if the commissioner after qualifying should die, resign, or be removed from office during his term, the vacancy should be filled by the county judge until the office could be filled by election as is now provided by law.

On June 10, 1918, after the act had become a law, the county judge at the instance of plaintiff set aside the order of March 11th appointing him assessor and appointed him tax commissioner for one year. We need not stop to discuss the effect of the order of the county judge attempting to set aside his prior order appointing appellant county assessor and appointing him county tax commissioner, for as we construe the law plaintiff's right to hold the office is entirely dependent upon the fact that he was assessor of the county by appointment at the time the act took effect. It is his contention that the portion of section two of the act above quoted *ipso facto* conferred upon him the office of county tax commissioner for the remainder of the full term of the assessor's office, which would not expire until January 1, 1922. The lower court held otherwise and adjudged that plaintiff under his appointment as assessor for the county could hold that office only until the next regular election at which, under the provisions of section 152 of the Constitution, the office could be filled. If there had been no change in the office of assessor by the substitution of the office of county tax commissioner, as was done by the act in question, clearly the county judge was not authorized to fill the vacancy by appointment for a longer time than

"the next succeeding election at which city, town, county, district or state officers are to be elected," provided as much as three months intervened between the occurring of the vacancy and such election. Three months did intervene between March 11, 1918, and the regular election in November of that year. At that regular election there was at least a judge of the Court of Appeals to be voted for by the voters of Carter county, and we conclude that the office should have been filled at that election. This was not done, and plaintiff continued to hold the office, and the next election at which the vacancy may be filled is the one to be held in November, 1919, there being state officers to be chosen at that election. That such would have been the consequence if the office of assessor had remained the same as before the enactment of the statute there can be no doubt. So, the question is, did that act change or attempt to change the results because plaintiff was filling by appointment a vacancy in the office of assessor? We are clearly of the opinion that it did not. It is expressly provided that the term of office of the county tax commissioner shall be equal to the term of office of the county assessor; i. e., if the assessors then in office had a right to continue in office throughout the term for which they had been elected they would continue throughout that term as county tax commissioners. But if any of them should be filling the office for a shorter time, as by appointment, he could hold the office of county tax commissioner only until the expiration of that time. It is doubtful whether the legislature, if it had attempted anything else, would have been within its constitutional powers, since in the case of Shelly v. McCulloch, 97 Ky. 164, it was held that the constitutional provisions with reference to the filling of vacancies in office apply not only to constitutionally created offices, but also to those created by statute. If the office of county tax commissioner be conceded to be one of the latter class, the legislature could not have provided for the filling of the vacancy contrary to the provisions of the section of the Constitution, *supra*. But, be this as it may, it is perfectly clear to our minds that the statute had in view not the filling of vacancies, but the providing for the terms of office of the county tax commissioners which it created, and they were to be the same as the terms of the assessors of the various counties of the state who *ipso facto* became county tax

commissioners, filling the latter office for the same length of time they were filling the office of assessor when the act became a law.

This being true, the petition was properly dismissed, and the judgment is affirmed.